JOHN BARNET BRANAGAN, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted July 7, 1913—Decided November 17, 1913.

On appeal from the Hudson County Circuit Court.

For the appellant, *Edwards & Smith*.

For the respondent, *Alexander Simpson*.

PER CURIAM.

This was an action for personal injuries. The plaintiff was a conductor upon a trolley car of the defendant company which was running over the elevated structure at its Hoboken terminal at the time of the happening of the accident. The trolley pole having jumped the wire the plaintiff got off his car and went to the rear of it for the purpose of replacing the pole. While engaged in this work a following car ran into him, injuring him so severely as to necessitate the amputation of one of his legs. His claim was that the company was responsible for his injuries because of the fact that the controller box upon the following car was not in good order, and evidence to substantiate this claim was submitted to the jury on his behalf. He further offered evidence to show that if this controller box had been in proper order the motorman upon the following car would have been able to stop it before colliding with him. He further proved that the defective condition of the controller box could have been readily discovered by a proper inspection. All of these facts were controverted by testimony submitted on the part of the defendant. At the close of the case the direction of a verdict in its favor was asked upon the ground that no negligence on the part of the defendant had been proved; that the plaintiff himself was guilty of contributory negligence; and that the injuries received by him were due to the negligence of a

fellow-servant. The motion was refused, and we think properly so. Upon the whole evidence it was for the jury, and not the court, to say whether the controller box was in a defective condition, and, if so, whether that condition would have been discovered upon a proper inspection. If they found this condition to exist it was also for them, and not the court, to decide whether the failure of the motorman to stop the car in time to avoid injuring the plaintiff was a negligent act on his part. Moreover, if the jury had resolved this point in favor of the defendant, it would not have exonerated them from liability if the first point had been decided against them, for if the injury happened to the plaintiff by reason of the joint negligence of the company and of a fellow-servant, each one of them was responsible therefor. It is equally clear that there was nothing in the case which would have justified the trial court in declaring, as a matter of law, that the plaintiff was guilty of contributory negligence. On the contrary, it would seem from the testimony as if he was engaged in performing his duty in a proper manner, and with due care, for he had no reason to suppose that while he was engaged in replacing the trolley pole upon the wire he would be run into by a car which was following that upon which he was employed.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.